IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LORENA M. ESPINOZA,**

                    Plaintiff,                                              No. 3:19-cv-02056-MO

          v.

                                                                        OPINION AND ORDER

**C.R. BARD, INC.,**

                    Defendant.

**MOSMAN, J.,**

On June 14, 2022, I heard oral argument on Defendant's Supplemental Motion for Summary Judgment [ECF 143]. At oral argument, I took the motion for summary judgment on counts 4 and 8 under advisement. Mins. of Proceeding [ECF 189]. I write now to explain my reasoning on why I GRANT Defendant's motion on count 4 and DENY on count 8.

## DISCUSSION

### I.          Count 4—Strict Liability Failure to Warn

The question that needs answering as to count 4 is whether the material safety data sheets ("MSDS") represent information that should have been placed in the Align TO instructions for use ("IFU"). If the MSDS contains information that should have been placed in the IFU, then this presents a causal problem because I have found on the record at oral argument that no rational

juror could find that Plaintiff's implanting physician read the Align TO IFU before implanting the device in Plaintiff.

To get around this problem, it is incumbent on Plaintiff to demonstrate that Defendant was under some obligation to disclose the contents of the MSDS to physicians through some other channel than the IFU. The record is devoid of any such evidence. Plaintiff's expert, Dr. Peggy Pence, merely points out that this information was not disclosed. She fails to identify, as did Plaintiff's attorney at oral argument, any obligation for the MSDS to be provided to physicians or the medical community outside of the IFU. *See* Bossier Decl. [ECF 160] Ex. 2 ¶ 143. Therefore, I GRANT Defendant's motion for summary judgment on count 4.

## II.   Count 8—Punitive Damages

As I expressed on the record at oral argument, the entirety of Plaintiff's argument for punitive damages rests in one sentence of her responsive briefing. Resp. in Opp'n [ECF 155] at 31 ("Plaintiff's summary judgment evidence here likewise provides ample basis for a jury to find that Bard's actions constituted a 'conscious disregard for the safety of others,' and thus, on the same grounds, Bard's motion is due to be denied."). Plaintiff then spends the rest of the briefing on punitive damages arguing that holdings from other cases that are not binding on this Court require that I allow punitive damages here. *See id.* at 30–31.

Plaintiff's sole sentence cited above cites to the statement of facts contained in her response—specifically to paragraphs 9, 10, 14, 15, and 26. *Id.* at 31, n.106. Paragraphs 9, 10, 14, and 15 then cite to various pages in Dr. Peggy Pence's expert report. *Id.* at 5–6. Paragraph 26 of the statement of facts is wholly inadequate as it incorporates by reference the entirety of every expert report referenced in the briefing. *Id.* at 9.

After reviewing the pages of Dr. Pence's report cited by Plaintiff in the round-about fashion described above, I find that Dr. Pence does provide evidence sufficient to demonstrate that Defendant acted with a conscious disregard for the safety of others.

Additionally, at oral argument I denied summary judgment on punitive damages on the Georgia safe harbor theory. There is a second theory upon which I also DENY summary judgment on and that is the one award rule on punitive damages. In Georgia, "[o]nly one award of punitive damages may be recovered in a court in this state from a defendant for any act or omission if the case of action arises from product liability, regardless of the number of causes of action which may arise from such act or omission." Ga. Code Ann. § 51-12-5.1(e)(1).

Simply put, this Court is not a court in the state of Georgia. The Georgia Supreme Court directs me to read statutory text in the "most natural and reasonabl[e] way." *Deal v. Coleman*, 294 Ga. 170, 172, 751 S.E.2d 337 (2013). After doing so, I find that Ga. Code. Ann. § 51-12-5.1(e)(1) plainly states that the one award rule applies "in a court in [Georgia]", which this Court is not. *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 4269173 (N.D. Fla. Aug. 9, 2021) (ruling that plaintiffs are not limited to a single punitive damages award because they did not recover punitive damages in a Georgia court).

Furthermore, the other polypropylene mesh case cited by the parties in which punitive damages have been awarded occurred in West Virginia, not Georgia. *See Cisson v. C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016) (upholding the lower court's ruling by applying Georgia punitive law standards to affirm the jury's punitive damages award). Accordingly, I find that the "one award" limitation on punitive damages has not been satisfied. Therefore, I DENY Defendant's motion for summary judgment on count 8.

3 – OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, I GRANT Defendant's motion for summary judgment

on count 4 DENY on count 8.

IT IS SO ORDERED.

DATED this _____ day of June, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER